# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HA LONG,<br>                **Plaintiff**,<br>    v.<br>SPALDING AUTOMOTIVE INC.,<br>                **Defendant**. | Civil Action No. 17-4865 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                   **November 29, 2018**

Plaintiff sued his former employer, alleging employment discrimination and retaliation based on race and disability, as well as violations of the Family and Medical Leave Act ("FMLA"). Defendant moves to dismiss the Complaint for failure to state a claim. For the reasons discussed below, Defendant's motion will be granted with respect to Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981, and the Pennsylvania Human Rights Act ("PHRA"), but denied with respect to Plaintiff's retaliation claim under the FMLA.

## I.    BACKGROUND

The Complaint alleges the following facts, which are assumed to be true for purposes of the Motion to Dismiss, unless otherwise stated. On July 15, 2013, Plaintiff began his employment with Defendant as a production welder. On April 8, 2015, Plaintiff filed an internal complaint of discrimination, harassment, and retaliation with Defendant's human resources department against his supervisors Daniel Gil, Eduardo (last name unknown), and Joseph Donohoe. Plaintiff alleges that instead of investigating his complaints of harassment and discrimination, his supervisor referred to Plaintiff as a trouble maker and threatened to terminate him.

On August 3, 2015, Plaintiff missed work due to back pain, which forced him to go to the emergency room. Shortly thereafter, Plaintiff notified Defendant's human resource representative of his medical condition and attached a doctor's note providing the diagnosis and reason for his absence. On September 15, 2015, Plaintiff was evaluated at the Einstein Medical Center where he was diagnosed with thoracic spine pain, thoracic disease, and lumbar disc disease with radiculopathy. On September 25, 2015, Plaintiff provided a note to Defendant, which specified accommodations Plaintiff needed in order to return to work. Plaintiff requested to be placed on light duty to limit the progression and severity of his medical condition, but no light duty work was available.

On September 28, 2015, Plaintiff requested short-term disability leave, effective through October 7, 2015, because Plaintiff's physician wanted him to take ten days to recuperate and continue treatment. On October 8, 2015, the day Plaintiff returned to work, he obtained a Certificate of Disability from his treating physician. Defendant informed Plaintiff that no light duty work was available for Plaintiff. Plaintiff, however, claimed that other individuals, such as his co-worker Mario, had previously been placed on light duty for long periods of time due to medical constraints. Because there was no light duty work available for him, and Defendant determined his condition was not work-related, Defendant informed Plaintiff that he was not permitted to return to work until he could perform his full job responsibilities as a production welder.

Defendant's human resources representative informed Plaintiff that he could either use paid time off, medical leave, or short-term disability leave, but that he could only use Family Medical Leave if he accepted an additional point on his attendance record. Because Plaintiff discovered that he already had two attendance points on his record, he elected to take short-term

2

disability leave. On November 10, 2015, Plaintiff requested permission to return to work. Plaintiff informed Defendant of his doctor's recommendation that Plaintiff work the first shift, rather than his normal third shift, since this switch would better accommodate his health in light of his ongoing medical issues.

In December 2015, Plaintiff was informed that additional points were added to his attendance record. On December 31, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging discrimination under Title VII and the ADA. Plaintiff claimed that Defendant had added the attendance points to his record in retaliation for his request for a reasonable accommodation and request for medical leave. Plaintiff also claimed that Defendant added another attendance point to his record when he used paid time off in January 2016 to be treated by his orthopedic specialist and to go to the emergency room due to his ongoing medical condition.

In February 2016, Defendant denied Plaintiff's request for extended leave to visit his family in Vietnam, even though other similarly situated co-workers were granted leave to travel. In March 2016, Defendant denied Plaintiff's request for paid time off to attend medical appointments with his daughter in preparation for her surgery. Plaintiff's request for paid time off was only approved after he contacted a labor union representative, who then contacted Defendant's Chief Operating Officer. Additionally, Defendant approved Plaintiff's request for FMLA leave to attend to his daughter after her surgery from March 3, 2016 through April 22, 2016. Although Plaintiff worked a full shift the week prior to his approved FMLA leave, Defendant failed to pay him for that week. After Plaintiff filed a grievance with the Department of Labor on April 28, 2016, Defendant paid him for the week of work prior to his FMLA leave.

In June, Plaintiff again was experiencing pain due to his medical condition. Plaintiff then left a message on Defendant's employee call-out line, indicating that he was unable to work due to his medical condition and requested leave under the Family Medical Leave Act. On July 1, 2016, Defendant conditionally approved Plaintiff's request for leave under the FMLA, provided that Plaintiff produce an FMLA Medical Certification within fifteen days of the request. Plaintiff mailed the Defendant the requested documentation, but on August 1, 2016, Defendant sent Plaintiff a termination letter, stating that his medical certification documentation had never been received, that Plaintiff was terminated based on his "unacceptable attendance record," and that his leave was unauthorized and unexcused. On November 22, 2016, Plaintiff filed an EEOC charge of discrimination, retaliation and wrongful termination under the ADA. On July 21, 2017, Plaintiff received right-to-sue notices for both his December 31, 2015, and November 22, 2016, EEOC charges of discrimination.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[1] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[2] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[3] Something more than a mere possibility of a claim must be alleged; a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[2] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

[3] *Twombly*, 550 U.S. at 555, 564.

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[4] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[5] In deciding "a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[6] However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."[7]

### III. DISCUSSION

**1. Disability Discrimination (Count I)**

Plaintiff's allegations are not sufficient to state a claim under the ADA. To state a *prima facie* claim of disability discrimination under the ADA, Plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) he can perform essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action as a result of discrimination based on his disability.[8]

Plaintiff has not adequately pleaded that he was disabled within the meaning of the ADA at the time he requested, and was denied, a light duty assignment to reasonably accommodate his medical condition. The ADA defines a qualifying disability as "a physical or mental impairment that substantially limits one or more [of the employee's] major life activities."[9] The Third

---

[4] *Id.* at 570.

[5] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[6] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[7] *Id.*

[8] *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000); *Gaul v. Lucent Techs. Inc.*, 134 F.3d 576 (3d Cir. 1998).

[9] 42 U.S.C. § 12102(1)(a); *see Amiot v. Kemper Ins. Co.*, 122 F. App'x 577, 580 (3d Cir. 2004).

Circuit has made clear that "[a] temporary, non-chronic impairment of short duration is not a disability covered by the" ADA.[10] Here, although Plaintiff alleges that he was diagnosed with thoracic spine pain, thoracic disease, and lumbar disc disease with radiculopathy, he has failed to allege that his condition was ongoing. All of the medical documentation that Plaintiff referenced in his Complaint diagnosed his condition as temporary.[11] For example, the September 15, 2015 doctor's note described Plaintiff's activity restrictions as only lasting one month.[12] Similarly, the Certificate of Disability that Plaintiff obtained from his treating physician in October only recommended a temporary activity restriction, lasting until November 3, 2015.[13] Finally, Plaintiff's Complaint lacks sufficient facts to indicate that his condition persisted between January 2015 and June 2016, the time when Plaintiff alleges that he again began "experiencing excruciating pain, numbness, and tingling due to his disability."[14] Because Plaintiff has failed to allege that his condition was ongoing for purposes of plausibly pleading that he had a disability under the ADA, his claim of disability discrimination under the ADA will be dismissed without prejudice, and with leave to amend.[15]

   **2. Disability Retaliation (Count II)**

Plaintiff also has failed to plead his disability retaliation claim. To state a *prima facie* claim of disability retaliation under the ADA, Plaintiff must allege that: (1) he engaged in

---

[10] *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012) (internal quotation marks and citations omitted) (finding that the plaintiff's temporary lifting limitations, removed only four months after first imposed, were "the very definition of such a non-chronic impairment," and thus were not an ADA-qualifying disability).

[11] Compl. ¶¶ 20–24.

[12] Def.'s Mot. Dismiss Ex. A [Doc. No. 6].

[13] Def.'s Mot. Dismiss Ex. B [Doc. No. 6].

[14] Compl. ¶ 57.

[15] *See Macfarlan*, 675 F.3d at 274–75.

protected employee activity; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity.[16]

Plaintiff sufficiently alleged the first element, that he requested an accommodation in accordance with a medical note from his treating physician, and the second element, that he was terminated from his employment on August 1, 2016.[17] But Plaintiff has failed to plead facts that suggest a causal connection between these two events. In assessing whether a complaint has adequately pleaded causation, courts have typically analyzed whether there is temporal proximity between the protected activity and the adverse action, or whether there is a pattern of antagonism by the employer in response to the protected activity.[18] Here, nearly nine months passed between Plaintiff's request for an accommodation and his subsequent termination. Such a prolonged period of time is not "unusually suggestive" of a retaliatory motive.[19] In the absence of some other factor, such as "a pattern of antagonism," Plaintiff has not adequately alleged facts

---

[16] *Shaner*, 204 F.3d at 500.

[17] *See Schneider v. Works*, 223 F. Supp. 3d 308, 315 (E.D. Pa. 2016) (noting that the plaintiff had alleged that he suffered an adverse employment action by being terminated). Plaintiff also argues that the addition of attendance points to his record is an adverse employment action. Pl.'s Mem. Opp'n to Def.'s Mot. to Dismiss at 7. However, Plaintiff does not allege that the additional points changed Plaintiff's employment status or caused a change in his benefits, distinct from the termination itself/. *Barnett v. New Jersey Transit Corp.*, 573 F. App'x 239, 244 (3d Cir. 2014) ("An adverse . . . employment action is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'") (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

[18] *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001).

[19] *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 n.9 (3d Cir. 2003) (explaining that "the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred") (citations omitted); *see also Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (two-month span between the plaintiff's protected activity and the adverse action was not usually suggestive); *Yovtcheva v. City of Phila. Water Dep't*, 518 F. App'x 116, 123 (3d Cir. 2013) (nearly three months between the plaintiff's request for an ADA accommodation and termination did not establish a causal connection).

7

that suggest his termination was motivated by his request for an accommodation.[20] Therefore, Plaintiff's ADA retaliation claim will be dismissed without prejudice, and with leave to amend.

### 3. FMLA Retaliation (Count III)

Plaintiff has adequately pled a *prima facie* claim for FMLA retaliation.[21] Here, Plaintiff engaged in protected conduct when he requested leave under the FMLA on June 28, 2016,[22] and suffered an adverse employment action when Defendant terminated his employment on August 1, 2016.[23] The close temporal proximity between Plaintiff's request for FMLA leave and his termination only a month later is sufficient to state a claim at this stage of the proceedings. While Defendant contends that Plaintiff "was terminated for failing to return medical documentation to support his taking FMLA leave,"[24] Plaintiff alleges that he sent the requested documentation.[25] Accepting Plaintiff's allegations as true, as the Court is required to do at this stage, Plaintiff has alleged a sufficient causal link between his request for FMLA leave and his subsequent termination a month later.[26] Accordingly, Defendant's motion to dismiss Count III will be denied.

---

[20] *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920–21 (3d Cir. 1997) ("[A] plaintiff can establish a link between his or her protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism in the intervening period.").

[21] The standard for retaliation under the FMLA is substantially the same as that under the ADA. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012); *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007).

[22] Compl. ¶ 58.

[23] Compl. ¶ 61; *see Schneider*, 223 F. Supp. 3d at 315 (noting that the plaintiff had alleged that he suffered an adverse employment action by being terminated).

[24] Def.'s Mem. Supp. Mot. to Dismiss at 15.

[25] Compl. ¶ 60.

[26] *See ALA, Inc.*, 29 F.3d at 859.

8

### 4. Section 1981 Race Discrimination and Retaliation (Count IV)

In Count IV of his Complaint, Plaintiff alleges that he was discriminated against because he is a Vietnamese-American.[27] Section 1981 prohibits race-based impairment of an individual's right to make and enforce contracts, or more specifically "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[28] "Ordinarily, to establish a basis for relief under § 1981 a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981."[29]

Here, Plaintiff has failed to provide any facts supporting his allegations that he was discriminated against because of his race, that Defendant treated any similarly situated individuals more favorably than Plaintiff, or that Defendant's decision to terminate him was based on his race. Plaintiff alleges only that his request for time off to travel to Vietnam was denied, while other employees' extended leave requests were granted. This bare assertion is insufficient to state a claim under § 1981. Further, neither Plaintiff's internal complaint, nor Plaintiff's EEOC charge referenced in his Complaint, contains any allegations of race-based discrimination.[30]

Plaintiff also alleges that he was unlawfully retaliated against under § 1981 for his opposition to Defendant's unlawful employment practices.[31] Plaintiff, however, has failed to

---

[27] Compl. ¶ 93.

[28] *See* 42 U.S.C. §§ 1981(a),(b),(c).

[29] *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010) (internal quotation marks and citations omitted).

[30] Def.'s Reply to Pl.'s Mem. Opp'n to Def.'s Mot. to Dismiss Exs. H, I [Doc. No. 9].

[31] Compl. ¶ 94.

allege any facts demonstrating that he opposed any unlawful employment practice of Defendant that related to race. Moreover, neither Plaintiff's internal complaint, nor Plaintiff's EEOC charge contains any allegations of retaliation for opposing unlawful employment practices related to race. Because Plaintiff's § 1981 discrimination and retaliation claims are based solely on bald assertions and legal conclusions, Count IV of Plaintiff's Complaint will be dismissed without prejudice, and with leave to amend.

### 5. PHRA Claims (Counts V, VI & VII)

In Count V of his Complaint, Plaintiff alleges that he faced discrimination due to his race, color, and national origin in violation of PHRA § 955(a).[32] However, Plaintiff has failed to provide any facts to support his allegations that he was discriminated against because of his race, color, or national origin, or that Defendant's decision to terminate him was based on those classifications. Moreover, neither Plaintiff's internal complaint, nor Plaintiff's EEOC charge contains any allegations that he was discriminated against because of his race, color, or national origin.[33] Because Plaintiff's PHRA discrimination claim is based solely on bald assertions and legal conclusions, Counts V of Plaintiff's Complaint will be dismissed without prejudice, and with leave to amend.

---

[32] Compl. ¶ 97.

> Section 955(a) of the PHRA provides that it shall be an unlawful discriminatory practice "for any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

> 43 Pa. Cons. Stat. § 955 (a).

[33] Def.'s Reply to Pl.'s Mem. Opp'n to Def.'s Mot. to Dismiss at Exs. H, I [Doc. No. 9].

In Count VI of his Complaint, Plaintiff alleges that he was discharged in retaliation for opposing unlawful employment practices of Defendant, in violation of PHRA § 955(d).[34] Again, Plaintiff has failed to allege what unlawful employment practices he opposed. Furthermore, Plaintiff has not alleged any facts suggesting that Defendant's decision to terminate him was causally connected to his alleged opposition of Defendant's unlawful employment practices. Because Plaintiff's PHRA retaliation claim is based solely on bald assertions and legal conclusions, Count VI of Plaintiff's Complaint will be dismissed without prejudice, and with leave to amend.

In Count VII of his Complaint, Plaintiff alleges that Defendant aided, abetted, incited, compelled, or coerced discriminatory conduct in violation of PHRA § 955(e).[35] Section 955(e) forbids "any person, *employer*, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice."[36] While Defendant contends that Section 955(e) claims can only be brought against individual defendants, the PHRA expressly forbids any *employer* from aiding or abetting an unlawful discriminatory practice.[37] Defendant has not cited any authority supporting its assertion that Section 955(e) claims may only be asserted against individual defendants.[38] Nonetheless, Plaintiff's Section 955(e) claim against Defendant fails because his discrimination

---

[34] Compl. ¶ 101. Section 955(d) of the PHRA provides that it shall be an unlawful discriminatory practice "for any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act." 43 Pa. Cons. Stat. § 955(d).

[35] Compl. ¶ 104.

[36] 43 Pa. Cons. Stat. § 955(e) (emphasis added).

[37] *See id.*

[38] Defendant cites *Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469 (E.D. Pa. 2013), in support of its argument. The court in *Hills*, however, did not address whether a Section 955(e) claim could be brought against an employer. The court only addressed whether a Section 995(e) claim could be brought against individual defendants.

claim under PHRA § 955(a) and his retaliation claim under PHRA § 955(d) also fail. Simply stated, Plaintiff has alleged no discrimination or retaliation for Defendant to aid and abet.[39] Therefore, Count VII of Plaintiff's Complaint will be dismissed without prejudice, and with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion will be granted with respect to Plaintiff's claims under the ADA, § 1981, and the PHRA, but denied with respect to Plaintiff's retaliation claim under the FMLA. However, as it is possible that Plaintiff could state claims under the ADA, § 1981, and the PHRA, he will be granted leave to file an amended complaint.[40]

An appropriate order will be entered.

---

[39] *See* 43 Pa. Cons. Stat. § 955(e); *see also Stepp v. Fairpoint Communications, Inc.*, No. 06-576, 2007 WL 4248559, at *9 (W.D. Pa. Nov. 30, 2007) (citing *Kaniuka v. Good Shepherd Home*, No. 05-2917, 2006 WL 380387, at *10 (E.D. Pa. Aug. 15, 2006) (holding that "defendants cannot violate PHRA section 955(e) when there is no corresponding section 955(a) violation by an employer to aid and abet"); *Taylor v. Rodale, Inc.*, No. 04-799, 2004 WL 1196145, at *4 (E.D. Pa. May 27, 2004) (dismissing section 955(e) claim because there was no basis for relief against the employer)).

[40] In civil rights cases, "district courts must offer amendment—irrespective of whether it [was] requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile. *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).